### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LENA MARIE LINDBERG,**

        **Plaintiff,**

**v.**                                        **Case No. 6:21-cv-1372-RBD-GJK**

**MONICA GABBARD, Judicial Assistant;**
**CHRISTA CONKLIN, Judicial Assistant;**
**CARMEN REYES, Judicial Assistant; and**
**RAYMOND HORNSTEIN, Public Defender,**

        **Defendants.**

_____

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** MOTION TO PROCEED IN FORMA PAUPERIS/AFFIDAVIT OF INDIGENCY BY PETITIONER/APPELLANT (Doc. No. 2)
>
> **FILED:** August 26, 2020
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and that the complaint be **DISMISSED WITHOUT PREJUDICE**.

On August 26, 2021, pro se plaintiff Lena Marie Lindberg filed a complaint listing the defendants as judicial assistants Monica Gabbard, Christa Conklin,

and Carmen Reyes, and Public Defender Raymond Horstein. Doc. No. 1 at 2-3. Also on August 26, 2021, Plaintiff filed an application to proceed *in forma pauperis* (the "Motion"). Doc. No. 2.

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>   (A)  the allegation of poverty is untrue; or
>   (B)  the action or appeal --
>         (i)  is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Under Local Rule 6.03(a), "The clerk must docket, assign, and submit to a judge for preliminary review a

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

motion for leave to proceed *in forma pauperis*." The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

The Complaint is unintelligible, and in some places, illegible. Doc. No. 1. Although Plaintiff lists four people as defendants, she does not include them in the facts section. *Id.* at 2-5. She provides phrases following their names such as "denied victim relief for return of property," but no other information such as how her property was taken, the basis of the defendant's power to refuse the return of it, or why her property should be returned. *Id.* at 4. Plaintiff states that she was illegally arrested, but does not identify by whom, and that her service dogs were returned to her injured without explanation. *Id.* at 5. She asks the Court to, among other things, expunge her record, award her treble damages, order the return of her property, and "reverse the illegally placed felonies as they are the result of victim retaliation and officer perjury . . . ." *Id.* at 5.

The Complaint violates Federal Rule of Civil Procedure 8, as it does not contain a short and plain statement that establishes a right to relief. As the Complaint fails to comply with Federal Rule of Civil Procedure 8 by not stating a claim on which relief may be granted, it is recommended that the Motion be denied and that the Complaint be dismissed without prejudice.

The Motion also is illegible. Doc. No. 2. For example, Plaintiff circles that she has stocks/bonds, but the value listed is indecipherable. *Id.* at 1.

Ordinarily, a pro se party should be given an opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In an amended complaint, Plaintiff must clearly allege the factual and legal bases of her causes of action (whether a constitutional provision, treaty, statute, or common law).

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);
2. **DISMISS** the complaint without prejudice; and
3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with an amended motion to proceed *in forma pauperis*, with the warning that failure to file an amended

complaint within the time permitted by the Court will result in dismissal of the case without further notice. In the amended complaint, Plaintiff should include:

a. the basis upon which the Court has subject matter jurisdiction;

b. a list of the people that Plaintiff is suing in this action;

c. what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by defendants;

d. a short plain statement of facts as to each claim and the defendants' involvement in the violation alleged in each claim;

e. how Plaintiff has been damaged or injured by the defendants' actions or omissions;

f. a clear statement of the relief sought; and

g. Plaintiff must not incorporate nor reference the original complaint or include argument in the amended complaint.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any

unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 30, 2021.

```
_____
        GREGORY J. KELLY
   UNITED STATES MAGISTRATE JUDGE
```

Copies to:

Presiding District Judge
Unrepresented party